UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

UNITED STATES OF AMERICA,

      Plaintiff,

v.                                                        Case No. 22-cr-20642
                                                       Honorable Linda V. Parker

DEON BELL,

      Defendant.
_____/

## OPINION AND ORDER DENYING DEFENDANT'S MOTION TO WITHDRAW GUILTY PLEA (ECF NO. 116)

Defendant Deon Bell pleaded guilty as charged to: (1) Conspiracy to Commit Theft of Firearms from Federal Firearms Licensees in violation of 18 U.S.C. §§ 371, 922(u) (Count 1); (2) Theft of a Firearm from a Federal Firearms Licensee and Aiding and Abetting in violation of 18 U.S.C. §§ 922(u), 2 (Count 2); and (3) Possession of a Stolen Firearm and Aiding and Abetting in violation of 18 U.S.C. §§ 922(j), 2 (Count 4). (*See* ECF Nos. 26, 73.) This matter is presently before the Court on Mr. Bell's motion to withdraw his guilty plea pursuant to Federal Rule of Criminal Procedure 11, which has been fully briefed. (ECF Nos. 116, 118.) The Court held a hearing on Mr. Bell's motion on October 28, 2024, where the parties presented oral arguments. For the reasons that follow, the Court denies Mr. Bell's motion.

1

I.      Background

On November 30, 2022, the Government indicted Mr. Bell, along with three others, for conspiring to steal firearms from a federally licensed firearm store in Dearborn, Michigan.  (ECF No. 73 at Pg ID 327.)  The Government claimed that Mr. Bell helped carry out the scheme two times in September 2022, and came into possession of some forty firearms that he stole from the store.  (ECF No. 118 at Pg ID 826-27.)

The Court held a plea hearing on August 28, 2023, at which Mr. Bell advanced an oral plea of guilty to three counts within the indictment.[1]  (*See* ECF No. 98.)  On February 1, 2024, Mr. Bell's attorney, Michael McCarthy, filed a motion to withdraw as Mr. Bell's attorney due to a "breakdown in the attorney-client relationship."  (ECF No. 102 at Pg ID 776.)  The Court appointed new counsel to Mr. Bell on February 26, 2024.  Mr. Bell's attorney filed the instant motion on July 22, 2024.  (ECF No. 116.)

II.     Legal Standard

A defendant may withdraw a guilty plea "after the court accepts the plea, but before it imposes sentence if" he can "show a fair and just reason for requesting the withdrawal."  Fed. R. Crim. P. 11(d)(2)(B).  This rule was intended to "allow a hastily entered plea made with unsure heart and confused mind to be undone, not

---

[1] Mr. Bell signed the written plea agreement on August 24, 2023.  (ECF No. 73.)

to allow a defendant 'to make a tactical decision to enter a plea, wait several weeks, and then obtain a withdrawal if he believes that he made a bad choice in pleading guilty.'" *United States v. Alexander*, 948 F.2d 1002, 1004 (6th Cir. 1991) (quoting *United States v. Carr*, 740 F.2d 339, 345 (5th Cir. 1984)).

A "fair and just reason" requires courts to consider the totality of the circumstances and the following seven factors:

> (1) the amount of time that elapsed between the plea and the motion to withdraw it; (2) the presence (or absence) of a valid reason for the failure to move for withdrawal earlier in the proceedings; (3) whether the defendant has asserted or maintained his innocence; (4) the circumstances underlying the entry of the guilty plea; (5) the defendant's nature and background; (6) the degree to which the defendant has prior experience with the criminal justice system; and (7) potential prejudice to the government if the motion is granted.

*United States v. Wynn*, 663 F.3d 847, 849-50 (6th Cir. 2011) (quoting *United States v. Bashara*, 27 F.3d 1174, 1181 (6th Cir.1994)).  The factors are non-exclusive, and no single factor is controlling.  *United States v. Ellis*, 470 F.3d 275, 281 (6th Cir. 2006) (quoting *United States v. Bazzi*, 94 F.3d 1025, 1027 (6th Cir. 1996)).  Additionally, the Court maintains broad discretion in deciding whether to allow a defendant to withdraw their plea.  *United States v. Valdez*, 362 F.3d 903, 912 (6th Cir. 2004).

### III. Legal Analysis

In assessing each factor, the Court finds that Mr. Bell cannot establish a fair and just reason for withdrawing his guilty plea.

*1. Time between the plea and the motion to withdraw.*  Mr. Bell waited approximately eleven months to file the instant motion.  (ECF No. 116 at Pg ID 819.)  The Sixth Circuit holds that lengthy delays between a plea and motion weigh against allowing a defendant to withdraw his plea.  *See United States v. Triplett*, 828 F.2d 1195, 1197 (6th Cir. 1987) ("The shorter the delay, the more likely a motion to withdraw will be granted, and a defendant's reasons for filing such a motion will be more closely scrutinized when he has delayed his motion for a substantial length of time.").  Indeed, the Sixth Circuit has consistently found that delays shorter than two months weigh against withdrawal.  *United States v. Catchings*, 708 F.3d 710, 718 (6th Cir. 2013).

The elapsed time here far exceeds the accepted timeframe for withdrawal.  This finding holds true even if the Court decided, as Mr. Bell suggests, to calculate the delay from the time Mr. Bell expressed to his former counsel his desire to withdraw the motion (about six months) or from the date the Court appointed new counsel (about five months).  (*See* ECF No. 116 at Pg ID 819.)

*2. Reason for the delay.*  Mr. Bell maintains that he had a valid reason for not moving to withdraw his motion sooner: his "dissolving" relationship with Mr. McCarthy presented obstacles that prohibited him from filing.  (*Id.*)  Mr. Bell notes

4

that he asked him to file the instant motion and even tried to file the motion pro se around January 29, 2024. (*Id.*; *see* ECF No. 102 at Pg ID 776.) However, as noted by the Government, "dissolution of [their] relationship and discussions about withdrawing his plea . . . occurred several months after [Mr.] Bell had already pleaded guilty." (ECF No. 118 at Pg ID 831.) Moreover, even if Mr. McCarthy was the true reason for the delay, Mr. Bell still waited almost five months to file once he withdrew from this matter, which, as explained above, weighs heavily against him.

   3. *Assertion or maintenance of innocence*.  Mr. Bell has not maintained his innocence in this matter, hence the reason for the instant motion. *See e.g.*, *United States v. Martin*, 668 F.3d 787, 796 (6th Cir. 2012) ("Statements of guilt under oath at a plea hearing support the district judge's decision not to permit withdrawal."). Thus, this factor does not favor Mr. Bell.

   4. *Circumstances underlying the plea*.  Mr. Bell maintains that he entered the plea agreement as a result of Mr. McCarthy's "ineffective assistance of counsel and incorrect legal information." (ECF No. 116 at Pg ID 820.) Mr. Bell explained at the motion hearing that Mr. McCarthy informed him, in a private, recorded conversation,[2] that his sentence would run concurrent to the sentence Judge Nancy

---

[2] Around August 2023, the Court called FCI Milan, where Mr. Bell was housed, to inquire whether attorney-client calls are recorded and can be made available to the

G. Edmunds imposed in the criminal matter before her.[3]  Based on this information, Mr. Bell entered the plea agreement believing he would not receive more than ten years of imprisonment between the two cases.  Mr. Bell argues that he would not have pleaded guilty if he knew that his sentence in the instant matter could increase the total number of years of imprisonment in both cases to more than ten.

      Even assuming that Mr. McCarthy promised Mr. Bell that he would receive a specific sentence and that the sentences would be concurrent if he entered a plea of guilty, the Court made clear at the plea hearing that the Government did not agree to any terms regarding whether any portion of Mr. Bell's sentence before this Court would run concurrent to Judge Edmunds' sentence. (ECF No. 98 at Pg ID 717-18.)  Therefore, it would be in this Court's sole discretion to make such a determination.  (*Id*. at Pg ID 717-19.)  The Court explained more than once how

---

Court.  A facility representative informed the Court that attorney-client calls are confidential and unrecorded.  Although Mr. Bell argued during the hearing that the calls between attorney and client are in fact recorded, he presented no evidence at either the hearing or in his brief to support his belief.

[3] Less than a month before the Government indicted Mr. Bell in this matter, the Government indicted him for robbing a T-Mobile store in Ann Arbor, Michigan, just weeks after the alleged gun store burglary.  (*See* ECF No. 118 at Pg ID 827-28.)  Mr. Bell pleaded guilty in that case and was sentenced to 8.5 years on August 21, 2023 (one week before he pleaded guilty in this matter).  (*Id*.)

sentencing would work, to which Mr. Bell confirmed that he understood and accepted the plea agreement.  (*Id.*)

All the more, Mr. Bell twice confirmed at the plea hearing that he was satisfied with Mr. McCarthy's legal services.  (*Id*. at Pg ID 697-98.)  Therefore, this factor weighs against withdrawal.

*5. Defendant's background and experience with the criminal justice system.*  Despite Mr. Bell's attempt to paint himself as too unsophisticated to understand the terms of the plea agreement and its consequences (ECF No. 116 at Pg ID 822-23), there is no question as to his competency or whether he was confused about the plea.  *See United States v. Ross*, No. 22-5252, 2023 WL 2569975, at *3-4 (6th Cir. Mar. 20, 2023) (citing *United States v. Goddard*, 638 F.3d 490, 495 (6th Cir. 2011); *Martin*, 668 F.3d at 796) (explaining that these factors are used to determine whether a defendant has "the capacity to understand the proceedings and give a knowing, voluntary, and intelligible plea" and if he has "enough previous 'sufficient contact with the criminal justice system to fully understand his rights and the process'").

At the time of the plea hearing, Mr. Bell was twenty-eight years old with eleven years of formal education and completion of the General Educational Development tests.  (ECF No. 98 at Pg ID 695-95.)  He appropriately answered questions during the plea hearing and, most notably, engaged in a lengthy exchange

with the Court after asking how his sentence would be determined in relation to his case before Judge Edmunds.  (*See, e.g.*, *id*. at Pg ID 715-19.)  Mr. Bell also has a significant criminal history consisting of various offenses in state and federal courts.  (ECF No. 90 at Pg ID 561-71.)  The plea hearing record and Mr. Bell's familiarity with the criminal justice system do not swing the balance of these factors in his favor.

    *6. Potential prejudice to the Government*.  Finally, the Court need not address this factor because Mr. Bell has failed to show a fair and just reason for allowing withdrawal of his plea under the preceding factors.  *See e.g.*, *Catchings*, 708 F.3d at 719; *United States v. Ellis*, 470 F.3d at 286.

## IV.   Conclusion

    As discussed, each factor of the analysis weighs against Mr. Bell.  Without an established fair and just reason for withdrawal, the Court does not have legitimate grounds to grant this motion.

    Accordingly,

    **IT IS ORDERED** that Mr. Bell's Motion to Withdraw Guilty Plea (ECF No. 116) is **DENIED**.

                                                          s/ Linda V. Parker  
                                                           LINDA V. PARKER  
                                                           U.S. DISTRICT JUDGE

Dated: October 31, 2024